CK# 493033
PAID 500.00
RECEIVED
APR 23 2015
U.S.C.A. 3rd C...

**In the
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

| | |
|---|---|
| Full Service Network, ) | |
| TruConnect Mobile, ) | |
| Sage Telecommunications LLC, and ) | |
| Telescape Communications, Inc., ) | |
|     *Petitioners*, ) | Case No. 15-2007 |
| ) | |
| v. ) | |
| ) | |
| Federal Communications Commission and ) | |
| the United States of America, ) | |
|     *Respondents*. ) | |

## PETITION FOR REVIEW

Pursuant to 5 U.S.C. § 706, 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342(1) and 2344, and Federal Rule of Appellate Procedure 15(a) Full Service Network, TruConnect Mobile, Sage Telecommunications LLC, and Telescape Communications, Inc., petition the Court for review of the Report and Order on Remand, Declaratory Ruling, and Order issued by the Federal Communications Commission ("FCC") in *In the Matter of Protecting and Promoting the Open Internet,* Report and Order on Remand, Declaratory Ruling, and Order, GN Docket No. 14-28, FCC 15-24 (rel. Mar. 12, 2015)("Open Internet Order"). The Order was published in the Federal Register on April 13, 2015. 80 Fed. Reg. 19738. A copy of Open Internet Order is attached as Exhibit A.

This Court has jurisdiction under 47 U.S.C. 402(a) and 28 U.S.C. 2342(1) and venue is proper in this Court under 28 U.S.C. 2343 because Full Service Network has its principal office in Pennsylvania.

Full Service Network is a reseller of telecommunications services with its principal office in Pennsylvania. TruConnect Mobile, Sage Telecommunications LLC, and Telescape

Communications, Inc. ("TruConnect") provide competitive telecommunications services in multiple states including Pennsylvania.

Full Service Network and TruConnect participated in the proceeding below and will be directly and adversely affected by the FCC's Open Internet Order. The Open Internet Order reclassifies broadband Internet access service as a "telecommunications service" under the Communications Act of 1934 (47 U.S.C. §§ 151 *et seq.*). In addition, the Open Internet Order reclassifies wireless broadband Internet access service as a "commercial mobile service" under the Communications Act. The reclassifications, which Full Service Network and TruConnect believe are correct as a matter of law, mean that wireline and wireless broadband Internet access service are subject to the common carrier requirements of the Communications Act (*see, e.g.* 47 U.S.C. §§ 201 – 276, 332, and 571 – 573). As enacted by Congress those common carrier requirements would enable Full Service Network and TruConnect to engage in competitive offerings of broadband Internet access service to consumers.

However, in the Open Internet Order the FCC unlawfully applied section 10 of the Communications Act (47 U.S.C. § 160) and section 706 of the Telecommunications Act of 1996 (47 U.S.C. § 1302) to declare that the common carrier requirements Congress expressly adopted in 1993 and 1996 to open local communications markets to competition are inapplicable to broadband Internet access service. *See, e.g.* Open Internet Order, ¶¶ 434 – 542. Further, the FCC arbitrarily refused to apply or failed to address statutory definitions that are also applicable to broadband Internet access service and arbitrarily limited the definition of those services to the detriment of Full Service Network and TruConnect. *See, e.g.* Open Internet Order, ¶¶ 207-209, 513-514. Finally, the FCC's unlawful interpretation of section 706 of the Telecommunications Act (47 U.S.C. § 1302) provides the FCC essentially unbounded authority to regulate or not regulate advanced telecommunications services based solely on the whim of the agency, with the

result that Full Service Network and TruConnect are deprived of a stable legal framework in which to invest and offer competitive services. *See, e.g.* Open Internet Order, ¶¶ 281, 282 and 298.

Full Service Network and TruConnect seek review of those portions of the Open Internet Order that purport to grant forbearance under section 10 of the Communications Act, fail to properly apply statutory or regulatory definitions, or impose regulation or grant forbearance pursuant to section 706 of the Telecommunications Act (whether alone or in combination with section 4(i) of the Communications Act) on the grounds that such forbearance, failure or regulation violates federal law, including the Communications Act and regulations issued thereunder, the Telecommunications Act, or is otherwise contrary to law, arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act (5 U.S.C. §§ 701 *et. seq.*).

Full Service Network and TruConnect respectfully request that this Court hold unlawful, vacate, enjoin, and set aside those portions of the Open Internet Order that purport to apply section 10 of the Communications Act or section 706 of the Telecommunications Act, and that it provide such additional relief as may be appropriate.

Respectfully submitted,

By: _____
Jonathan R. Nadler (Pa. I.D. No. 80998)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, Pennsylvania 19102
Tel: (215) 851.8410/Fax: (215) 851.8383
Email: jnadler@eckertseamans.com

Dated: April 23, 2015          *Attorneys for Full Service Network and TruConnect*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2015, I caused one copy of the foregoing Petition for Review and Exhibit A thereto to be served on the following counsel by the manner indicated:

Jonathan Sallet
General Counsel
Federal Communications
Commission
Room 8-A741
445 12th Street, S.W.
Washington, D.C. 20554
Jonathan.Sallet@fcc.gov
*By Hand Delivery and*
*Electronic Mail*

Eric H. Holder, Jr.
Attorney General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
*By First Class Mail*

Elizabeth S. Gallard